## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————— )
ABDIKADIR S. ABDI,                                )
                                                  )
                            Plaintiff,            )        Civil Action No.  3:15-cv-30222
            v.                                    )
                                                  )        **JURY TRIAL DEMANDED**
CHECKR, INC.                                      )
                                                  )
                            Defendant.            )
———————————————————— )

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer against Defendant Checkr, Inc. (hereafter "Checkr"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, *as amended*.  Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes."  15 U.S.C. § 1681a(d)(1)(B).

2.      Defendant Checkr is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

3.      The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate.  15 U.S.C. § 1681(b).  Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Checkr. This action involves Defendant Checkr's systematic violation of several of those important rules.

## II.   PARTIES

4.     Plaintiff Abdikadir S. Abdi is an adult individual who resides in Springfield, Massachusetts.

5.     Defendant Checkr is a business entity that regularly conducts business in the District of Massachusetts, and has a principal place of business located at 2505 Mariposa Street, San Francisco, California 94110.

## III.   JURISDICTION AND VENUE

6.     This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims brought arise under the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*

7.     Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## IV.   STATEMENT OF FACTS

8.     On or about November 10, 2015, Plaintiff applied for a position as a driver with Uber Technologies, Inc. ("Uber").

9.     As part of the employment process, Plaintiff signed an authorization form allowing Uber to obtain a consumer report about him including background and criminal history through Checkr.

10.     On information and belief, Plaintiff's prospective employer used the screening services of Checkr to perform background checks on applicants for employment.  Pursuant to the employer's contract with Checkr, the results of these services are delivered directly to the employer.

11.     Checkr is an employment background screening company, *i.e.*, those that provide "consumer reports," as defined by 15 U.S.C. § 1681a(d)(1)(B), to employers.

12.     Checkr investigates and reviews public record databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

13.     From its files, Checkr sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants or employees.

14.     When Defendant Checkr prepares a consumer report it does not match criminal history information to the consumer using the consumer's full identifying information.

15.     Rather Defendant Checkr prepares its consumer reports by matching only the consumer's first and last name to the criminal history information.

16.     Checkr does not use a consumer's middle name or middle initial as one of the criteria that it matches when assembling a consumer's background report. *See Smith v. LexisNexis Screening Solutions Inc.*, 76 F. Supp. 3d 651 (E.D. Mich. 2014).

17.     Checkr did not use middle name as a criteria when matching criminal record information in preparing the consumer report that it sold about Plaintiff.

18.     Further, Defendant Checkr did not provide Plaintiff with notice that it had prepared a consumer report about Plaintiff and did not send Plaintiff a copy of the report that it prepared as required by section 1681k of the FCRA.

19.     Checkr completed the background screen of Plaintiff on or about November 20, 2015.

20.     Checkr's background report inaccurately stated that Plaintiff had been charged/convicted of various crimes including but not limited to Domestic Abuse and Child Endangerment ("inaccurate information").

21.     The inaccurate information negatively reflects upon the Plaintiff, and misidentifies Plaintiff as a person who was charged/convicted of heinous criminal acts.  It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that identified Plaintiff as committing these heinous crimes.

22.     On or about November 24, 2015, the employer informed Plaintiff that the background report prepared about him by Checkr showed that he had criminal charges/convictions and, as a result, Plaintiff was not hired as a driver by Uber.

23.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

24.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

25.     At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.     CAUSES OF ACTION

### COUNT I – Plaintiff v. Checkr
### FCRA, 15 U.S.C. §§ 1681e(b) and § 1681k

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.     At all times pertinent hereto, Defendant Checkr was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

28.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29.     At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant Checkr is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and § 1681k.

31.     The conduct of Defendant Checkr was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant Checkr is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.     JURY TRIAL DEMAND

32.     Plaintiff demands trial by jury on all issues so triable.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant Checkr, for the following requested relief:

A.     Actual damages;

B.     Statutory damages;

C.     Punitive damages;

D.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

and

E.      Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

/s/  *Danielle M. Spang*
Danielle M. Spang (BBO #684365)
LAW OFFICE OF DANIELLE SPANG
P.O. Box 183
Somerville, MA 02143
Tel. (617) 612-5291
Fax (855) 220-3375
dspang@spanglawoffice.com

*Counsel for Plaintiff*
*Abdikadir S. Abdi*

Dated: December 22, 2015